IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Sara E. Siegler,                        :

            Plaintiff           :        Civil Action 2:11-cv-170

    v.                                 :        Judge Watson

Ohio State University, *et al.*,        :        Magistrate Judge Abel

            Defendants.         :


**INITIAL SCREENING REPORT AND RECOMMENDATION**

Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C.

§1915(b) is **GRANTED**.

It is **ORDERED** that plaintiff be allowed to prosecute this action without

prepayment of fees or costs and that judicial officers who render services in this

action shall do so as if the costs had been prepaid.

This matter is now before the Magistrate Judge for an initial screening of the

complaint under 28 U.S.C. §1915(e)(2) to identify cognizable claims, and to dismiss

the complaint, or any portion of it, which is frivolous, malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief from a defendant

who is immune from such relief. *McGore v. Wrigglesworth,* 114 F.3d 601, 608-09

(6th Cir. 1997).

Named in the complaint as defendants are: The Ohio State University; E.

Gordon Gee[1], President of  The Ohio State University; The Ohio State University Medical Center; Dr. Stanford H. Barsky, former chair of the OSU Department of Pathology; Larry Marvin Lewellen, a Vice President for Human Resources at the time of the events alleged in the complaint; Michelle Geiman, an Organization and Human Resources Consultant, OSU Office of Human  Resources; Stephanie Dawn Berland, an Organization and Human Resources Consultant, OSU Office of Human Resources; Olga Esquivel-Gonzalez, an Organization and Human Resources Manager, OSU Office of Human  Resources; The Ohio State University Office of Legal Affairs; Ms. Kimberly C. Shumate, an attorney assigned by the Office of Legal Affairs to handle Siegler's cases; Katrina Muska Duff, a fiscal coordinator and human resources consultant for OSU Department of Pathology; Katherine Hanby Dillingham, the Director of Human Resources for the OSU College of Medicine; Donald Boyd Gibson, a labor specialist for OSU Office of Human Resources; Laurie Ann Johnson, Director of Operations, OSU Department of Pathology and later Assistant Director of programs and research science; Dr. Scott Douglas Jewell, former CALGB PCO Dierctor; Dr. Leona Bell Ayers, Principal Investigator, OSU Department of Pathology, AIDS and Cancer Specimen Resources; Dr. Amy Gewirtz, Vice Chair and Medical Director of Clinical Laboratories, OSU Department of Pathology; Dr. Todd Gerard Guttman, Vice President of OSU's Office of Research

---

[1] Gee is not listed as a defendant in the caption of the complaint (a chart attached to the complaint form).  PAGEID ## 93-94. He is listed as a party in the parties section of the complaint. PAGEID ## 103.

Compliance; Dr. Wendy L. Frankel, Principal Investigator for HTRN at OSU and, in 2010, promoted to Director of CALGB PCO; Daniel C. Rohrer, formerly CALGM PCO coordinator/Clinical Research Data Manager; Sarah Nelson, a coworker of Siegler's; Nicole M. King, a coworker of Siegler's; Amy Elise Augustine, an employee at CALGB PCO range of motion 2008 to 2010; Laura Kathleen Melton, student employee for OSU Pathology in 2008 who became a full-time Clinical Laboratory Technician in 2008; Kelly M. Rosborough, a CALGB PCO CRDC from 2005 or 2006 until the spring of 2008 and now employed at the OSU Department of Anesthesiology; Kathleen Simendinger, beginning in 2008, a Special Assistant for Biorepository and Biospecimen Resource at the Polaris Innovation Centre; Mrs. Jasmine Ramaradjou, Director of HTRN Information Systems/Information Technology, OSU Department of Pathology; OSU Psychiatry, LLC; OSU Police Division; and State of Ohio Personnel Review Board. The complaint does not state whether the individual defendants are sued individually and/or in their official capacity.

The following allegations are taken from Plaintiff's complaint, which is extremely lengthy.[2] Plaintiff Sara E. Siegler ("Siegler") was employed by Defendant

_____

[2] This initial screening report and recommendation summarizes Plaintiff's factual allegations for the sole purpose of providing a context for the Magistrate Judge's determination as to whether or not the complaint is "frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief". It does not attempt to adjudicate the truth or falsehood of any of Plaintiff's allegations, either by summarizing them or by omitting them.

The Ohio State University ("OSU") in its Department of Pathology as a student employee from May 19, 2007 until July 31, 2007, and from July 31, 2007 until February 25, 2009 as a full-time clinical research data coordinator.[3] While she was a student, Siegler reported to defendant Daniel C. Rohrer. He later recruited her from the student position to become a full-time Clinical Research Data Coordinator. In that position, Siegler reported to Rohrer, defendant Laurie Ann Johnson, and Dr. Scott D. Jewell. Complaint, PAGEID ## 112-13. She graduated from OSU in 2007 with a degree in microbiology. Siegler was employed at OSU's Polaris Innovation Centre ("PIC"), performing work generally relating to the handling of clinical trial patient tissue slides.

In 2008, Siegler questioned some slides and five were sent to defendant Dr. Frankel. *Id.,* PAGEID ## 113-14. In April 2008, Rohrer gave Siegler a written reprimand for an email she sent to defendants Nelson and Rosborough, coworkers, requesting that they not waste her time. The complaint alleges that they were engaged in watching movies and talking on telephone calls, leaving Siegler to answer the telephone. *Id.,* PAGEID # 114. Siegler asked to meet with defendant Laurie Ann Johnson of OSU's Office of Human Resources. *Id.,* PAGEID ## 114-15. In April 2008, Siegler met 2-3 times with Rohrer and Johnson. Johnson suggested that Rohrer and Siegler "rebuild trust, confidence and teamwork." *Id.,* PAGEID #

---

[3] Plaintiff also has other litigation pending in this court concerning the matters at issue and naming several of the same defendants. *See Siegler v. The Ohio State University et al.,* Southern District of Ohio Case No. 2:10-cv-172.

115.

In July 2008, Rohrer denied Siegler's request to work from 7:00 a.m. to 3:00 p.m.  PAGEID ## 129.

Also in July 2008, Siegler wrote a research proposal that dealt with lymphoma tisue cores and tissue microarrays. She submitted the proposal to defendant Dr. Scott Douglas Jewell. Siegler's proposal "was plagiarized by Dr. Ayers, and she presented Siegler's research at a conference in South Africa in September of 2010 . . . . (Siegler was not given any credit for authoring said research)." *Id.,* PAGEID # 116.

Siegler emailed Johnson about design flaws in the CALGB RIMS data. *Id.,* PAGEID ## 119-20.

In October 2008, Siegler learned coworkers had expressed concerns about her to defendant Johnson (OSU HR). Siegler told Rohrer she wanted to talk with Johnson or defendant Katrina Muska Duff "about whatever was going on." *Id.,* PAGEID ## 120-21.

In October 2008, Siegler received two reprimands, but the only "corrective action" was Duff setting up a meeting for Siegler with University Faculty and Staff Assistance to help her cope with workplace stress. *Id.,* PAGEID # 121.

Rohrer did not meet with Siegler in October 2008 to begin her employee review process. "Siegler felt as though the reason she was not reviewed at that time was because plans were already in the works to terminate Siegler or force her to leave her job via resignation." *Id.,* PAGEID # 121. In late October 2008, Siegler

communicated with defendants Duff, Rohrer, Johnson, Gibson, and Dillingham, and with Lisa Borelli.[4] *Id.,* PAGEID ## 121-22. In October 2008, Dr. Jewell lied to NCI, a funding source, about CALGB RIMS. In November 2008, Siegler sent emails to and telephoned researchers at Duke University about CALGB RIMS. *Id.,* PAGEID ## 123-24.

On November 3, 2008, Siegler had her first formal meeting with defendant Muska Duff of OSU HR. Duff told her that OSU would accept her resignation but that the offer was open for only 24 hours. *Id.,* PAGEID # 124.

In early November 2008, Siegler met with defendants Gibson and Dillingham. Before the meeting, Siegler had emailed Gibson enquiring about the possibility that she might be transferred to a different position without her consent. She was told that the Department could reassign her without her consent. *Id.,* PAGEID # 125.

On November 10, 2008, Siegler told Rohrer she was not comfortable sending out weekly CALGB RIMS updates since the data was not being entered into RIMS. Rohrer instructed her to continue sending the emails. *Id.* But in December 2008, Rohrer told her that she no longer had to send out the weekly CALGM RIMS updates. *Id.,* PAGEID # 125.

Defendant coworkers King and Nelson "often treated Siegler in a disrespectful manner that escalated to harassment." *Id.,* PAGEID # 126. On

---

[4]Borelli is not named as a party in either the caption or the parties section of the complaint.

November 20, 2008, Duke University employee Shah asked Siegler if it was okay to discuss the problems with CALGB RIMS specimen tracking with his supervisor. Siegle told Shah and his supervisor Kimberly Johnson that she was a whistle blower and she would continue until she was fired. *Id.,* PAGEID # 127.

On November 24, 2008, Siegler emailed Gibson and Borelli asking how she would file for whistle-blower protection with OSU HR. On December 1, Gibson responded, copying Borelli and Dillingham, *Id.* Gibson told Siegler the matter should be reported to the Office of Research. In early December, Siegler faxed Gibson and Dillingham a whistle-blower complaint against Rohrer, Johnson, and Dr. Jewell. On December 15, Siegler forwarded her whistle-blower narrative to Dr. Gutman, who instructed her to keep working with OSU HR regarding any issues. Shortly thereafter, Siegler made a whistle blower complaint against Dillingham, Duff and Gibson. PAGEID # 128.

In December 2008, Siegler met with ADA coordinator Scott Lissner. She asked that her ADD/ADHD disability be accommodated. Coworkers were "often very noisy and disruptive to Siegler." PAGEID # 129.

On December 19, 2008, Rohrer and Johnson placed Siegler on paid administrative leave. *Id.* Siegler believes that before she was placed on administrative leave Dr. Barsky was supposed to sign off on the leave, but he did not. PAGEID # 132.

At some time before she was placed on administrative leave, Siegler's privacy was violated when she overheard Ms. Simendinger describing her surgical history

7

during a telephone call. Siegler told Borelli and sent a letter to OSU's privacy office. PAGEID ## 129-30. After she was placed on administrative leave, Dr. Jewell's daughter Rachel Allyson Jewell was hired at CALGM PCO in violation of OSU's anti-nepotism policy. PAGEID # 131. On December 24, Berland emailed Siegler that the whistle-blower complaint had been transferred to her from Gibson. On January 12, 2009, Siegler updated her whistle-blower narrative and emailed it to Berland. PAGEID # 133. On February 3, On January 19, Siegler emailed Peter Geier, of the OSU College of Medicine, requesting a meeting to discuss her whistle-blower concerns. No meeting occurred. Siegler emailed the narrative to Olga Esquivel-Gonzalez, an OSU HR Organization and Human Resources Manager. PAGEID # 134.

At some point in December 2008, Siegler emailed defendant Gee general information regarding her whistle-blower investigation. PAGEID # 133.

In February 2009, Siegler emailed Berland and Esquivel-Gonzalez complaining that she did not receive a 2008 year-end bonus. PAGEID # 136.

Siegler sent a number of emails to Michelle Geiman, an Organization and Human Resources Consultant, OSU HR, about her investigation. PAGEID # 137. She emailed a revised version of her whistle-blower narrative to Berland and Equivel-Gonzalez. PAGEID # 138.

During a February 25, 2009 telephone conference call, Siegler's employment was terminated. Equivel-Gonzalez read the results of Berland's whistle-blower investigation. Geiman read the results of her investigation. Rohrer read the

termination letter. PAGEID # 139. Esquivel-Gonzalez instructed Siegler to provide her rebuttal to the findings to Kimberly C. Shumate, an attorney assigned by the Office of Legal Affairs. PAGEID # 140.

Siegler appealed her termination to the State of Ohio Board of Personnel Review. Although her appeal was denied, no final order was attached to the decision. No hearing was held. PAGEID # 142.

Plaintiff Siegler also alleges that, in July 2008, she produced a research proposal concerning lymphoma tissue cores and tissue microarrays, about which she conferred with one of the researchers at PIC, Dr. Jewell. However, in September 2010, another researcher, Dr. Ayers, presented Siegler's research at a conference as her own. OSU has maintained that it has ownership of this research as intellectual property developed by the use of federal funds, but Plaintiff alleges that she produced the research proposal on her own time.

The complaint contains eleven causes of action. Each will be addressed separately below. Before doing so, it is important to note that some 26 defendants are named in a lengthy complaint that spans events over a period of about three years. The individual defendants had diverse jobs and relationships to Plaintiff Siegler's employment. Each defendant is entitled to fair notice of the claim(s) brought against them. Rule 8(a), Fed. R. Civ. P.; *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1964 (2007).

Although Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," it is not true that notice pleading

means that a complaint need plead no facts. The form complaints appended to the Federal Rules of Civil Procedure all include basic facts, such as the date the actionable event(s) took place and a brief description of them. *E.g.,* Forms 9-14 and 17. Here, as to many defendants, the complaint gives them no notice of the claims against them and the grounds on which they rest.

Construing the complaint leniently in favor of Plaintiff Siegler, who is not a lawyer and is representing herself, the defendants who have not received fair notice of the claim(s) asserted against them are E. Gordon Gee, Dr. Stanford Barsky, Larry Marvin Lewellen, Michelle Geiman, Stephanie Dawn Berland, Kimberly C. Shumate, Katharine Hanby Dillingham, Donald Boyd Gibson, Dr. Amy Gewirtz, Dr. Todd Gerard Guttman, Dr. Wendy L. Frankel, Amy Elise Augustine, Laura Kathleen Melton, Kelly M. Rosborough, Jasmine Ramaradjou, and OSU Psychiatry, LLC.

Gee is the President of The Ohio State University. The complaint does not contain any other allegations about him. Barsky was chair of the OSU Pathology Department. The only other allegation about him in the complaint was that he was supposed to sign off on Rohrer's decision to place Siegler on paid administrative leave, but he did not. PAGEID # 132. That allegation does not support any claim against Barsky. There is no allegation in the complaint that Barsky participated in the decision to terminate Siegler's employment or engaged in any other actionable conduct.

Lewellen was an OSU Vice President for Human Resources at the time of the

10

events alleged in the complaint. The complaint does not allege that he engaged in any actionable conduct. Donald Boyd Gibson was a labor specialist at OSU HR, and Katharine Hanby Dillingham was a human resources director for the OSU College of Medicine.  The complaint alleges that in November 2008, Siegler met with Gibson. On November 24, 2008, Siegler asked Gibson how to fill out a whistle-blower complaint. He told her how. In early December 2008, Siegler forwarded the whistle-blower complaint to Gibson and Dillingham. PAGEID ## 125 and 127-28. Siegler did file a whistle-blower complaint against Gibson, Dillingham, and Duff, PAGEID # 128, but there is no allegation that Gibson and Dillingham did anything other than provide her with information about how to make a whistle-blower complaint and accept the complaint she sent to him. Nothing in the complaint gives Gibson or Dillingham fair notice of what they are alleged to have done to harm Siegler.

Wendy L. Frankel was Principal Investigator for HTRN at OSU. The only allegation about her in the complaint is that in 2008 Siegler questioned some slides and five were sent to Dr. Frankel. *Id.,* PAGEID ## 113-14. The complaint fails to give Dr. Frankel fair notice of what she is alleged to have done to harm Siegler.

Amy Elise Augustine, Laura Kathleen Melton, Nicole M. King, Sarah Nelson, and Kelly M. Rosborough are alleged to have been employed at the same facility as Siegler. The complaint does not allege that they had any supervisory authority over Siegler or that they engaged in any actionable conduct that harmed her. There are no allegations specifically about Augustine or Melton.

11

As to King and Rosborough, the complaint alleges that in April 2008, Rohrer gave Siegler a written reprimand for an email she sent to defendants Nelson and Rosborough, requesting that they not waste her time. It further alleges that they were engaged in watching movies and talking on telephone calls, leaving Siegler to answer the telephone. *Id.,* PAGEID # 114. Finally, the complaint alleges that King and Nelson "often treated Siegler in a disrespectful manner that escalated to harassment." *Id.,* PAGEID # 126. Assuming the truth of these allegations, none of them state a claim for relief against a coworker.

There are no allegations in the complaint against defendant OSU Psychiatry, LLC.

Consequently, for the reasons set out above, it is RECOMMENDED that defendants E. Gordon Gee, Dr. Stanford Barsky, Larry Marvin Lewellen, Michelle Geiman, Stephanie Dawn Berland, Kimberly C. Shumate, Katharine Hanby Dillingham, Donald Boyd Gibson, Dr. Amy Gewirtz, Dr. Todd Gerard Guttman, Dr. Wendy L. Frankel, Amy Elise Augustine, Laura Kathleen Melton, Nicole M. King, Sarah Nelson, Kelly M. Rosborough, Jasmine Ramaradjou, and OSU Psychiatry, LLC be DISMISSED WITHOUT PREJUDICE because the complaint fails to give them fair notice of the claim(s) asserted against them.

The complaint alleges that beginning in 2008 Kathleen Simendinger was a Special Assistant for Biorepository and Biospecimen Resource at the Polaris Innovation Centre. The only other allegation regarding Simendinger is that on an unspecified date she described Siegler's surgical history during a telephone call to

12

an unidentified person. Construing the complaint liberally, it may attempt to state a claim that Simendinger violated HIPAA. It fails to state any other claim for relief against her.  As addressed below, however, Simendinger cannot be sued under HIPAA.  Consequently, it is RECOMMENDED that Simendinger be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief can be granted.

The complaint also names as defendants The Ohio State University, OSU Police Division,  The Ohio State University Office of Legal Affairs, OSU Medical Center, OSU Department of Pathology, OSU Human Resources, and State of Ohio Personnel Review Board.  These defendants are arms of the state. The Eleventh Amendment to the United States Constitution provides that states, and by extension their agencies and employees acting within the scope of their employment, cannot be sued in federal court without their consent.  Such consent is expressed as a waiver of sovereign immunity.  *Wilson-Jones v. Caviness*, 107 F.3d 358, 358 (6th Cir. 1997).  These seven defendants, as state agencies, are entitled to Eleventh Amendment sovereign immunity on all claims.  *Will v. Michigan Department of State Police,* 491 U.S. 58, 65-66 (1989); *Foulks v. Ohio Department of Rehabilitation and Correction,* 713 F.2d 1229, 1232 (6th Cir. 1983).  This protection extends to claims for money damages under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12111 *et seq* .  *Dillon-Barber v. Regents of Univ. of Michigan*, 51 Fed.Appx. 946, 949 (6th Cir. 2002), citing *Bd. of Trustees of the Univ. of Alabama v. Garrett*, 531 U.S. 356, 374 (2001).  *See also Gentry v. Summit Behavioral Healthcare*, 197 Fed.Appx. 434, 437 (6th Cir. 2006); *Bevington*

13

*v. Ohio University*, 93 Fed.Appx. 748, 750 (6th Cir. 2004). Consequently, it is RECOMMENDED that defendants The Ohio State University, OSU Police Division, The Ohio State University Office of Legal Affairs, OSU Medical Center, OSU Department of Pathology, OSU Human Resources, and State of Ohio Personnel Review Board be DISMISSED WITHOUT PREJUDICE because they are barred by sovereign immunity.

Now the Magistrate Judge turns to the claims alleged against the remaining defendants. Each claim pleaded in the complaint will be considered separately.

Intentional infliction of emotional distress: The complaint alleges that "Defendants knowingly and intentionally acted to cause Siegler emotional distress." PAGEID # 145. The complaint does not identify any action by an individual defendant that caused Plaintiff emotional distress.  PAGEID ## 145-46.

Despite Plaintiff's citations to federal and state statutes, this cause of action is an Ohio common law tort.[5]  As noted above, suits against state agencies and employees acting within the scope of their employment are considered to have been brought against the state itself, and are therefore barred in this court by sovereign immunity under the Eleventh Amendment.  *Bond v. Wilkinson*, 889 F.2d 1086 (6th Cir. 1989).  This claim should accordingly be dismissed.

Negligent infliction of emotional distress: The complaint alleges:

---

[5]  Plaintiff, in most of her claims, cites a profusion of various statutes, including the Federal Tort Claims Act and sections of the Ohio Revised Code pertaining to political subdivision tort liability.  Unless otherwise noted, these citations are spurious or irrelevant.

14

> Those defendants who did not participate in the intentional infliction of emotional distress upon Siegler via their actions and conduct were negligent to the intentional infliction of emotional distress upon Siegler by other Defendants.

PAGEID # 147. The complaint does not identify these defendants or the defendants who allegedly intentionally inflicted emotional distress. Further, it does not allege any specific actions by any individual defendant that negligently inflicted distress on Plaintiff.  PAGEID ## 145-47.

This cause of action, which is an Ohio common-law tort, is also barred by the Eleventh Amendment.

<u>Retaliatory harassment</u>: Again, the complaint fails to allege what individual defendants did that constituted retaliatory harassment.  PAGEID ## 149-52. The complaint appears to allege that some coworkers, supervisors, and human resources personnel took actions to make Plaintiff's work more difficult or to terminate her employment. However, many other defendants do not fall within those categories. They were not coworkers or supervisors. They are not alleged to have taken actions that made Plaintiff's work more difficult or participated directly in the decision to terminate her employment.  The complaint also appears to allege that those coworkers and supervisors who took actions against so in retaliation for, *inter alia*, Plaintiff's exercise of her First Amendment rights by reporting wrongdoing at her place of employment.  She has, on the face of her complaint, stated a claim under 42 U.S.C. §1983 for First Amendment retaliation against Defendants Daniel C. Rohrer, Laurie Ann Johnson, Katrina Muska Duff, and Olga Esquivel-Gonzalez.

<u>Civil rights violations</u>:  PAGEID # 152-55. This cause of action states generally that the actions of the defendants were violative of her constitutional rights because they caused her injury.  It does not appear to set forth any independent basis for relief.  Accordingly, it is repetitive of Plaintiff's other claims, not an independent claim itself.

<u>Invasion of privacy</u>: Complaint, PAGEID # 155-57. No individual defendants are identified as committing this tort.  From the general allegations in the complaint, it would appear that Plaintiff may be attempting to allege a HIPAA violation against Defendant Simendinger, an employee at the Polaris Innovation Centre. It may also be alleging an invasion of privacy because defendant Geiman was present when Rohrer read the termination letter.  However, Congress did not, in creating HIPAA, provide for any private right of action to enforce it.  42 U.S.C. §1320d-5.  "HIPAA does not provide a private cause of action for improper disclosures of medical information, but rather provides civil and criminal penalties which must be enforced by the Department of Health and Human Services." *Wood v. Byer*, 2006 WL 3304053 at *9 (N.D. Ohio August 9, 2006). *See also Doe v. Board of Trustees of Univ. of Illinois*, 429 F.Supp.2d 930, 944 (N.D. Ill. 2006).  Plaintiff cannot therefore bring a claim under HIPAA against Simendinger.  Furthermore, any claim against Geiman under the Ohio common-law tort of invasion of privacy would be barred by the Eleventh Amendment.

Plaintiff cites to various *other* statutory bases for this claim such as the Computer Fraud and Abuse Act and the Right to Financial Privacy Act, but these

do not appear applicable to the allegations Plaintiff has made.

False light invasion of privacy: Complaint, PAGEID # 157-59. The complaint appears to attempt to plead "false light" invasion of privacy/slander claims. Again, the complaint fails to allege actionable conduct by a specific defendant. Defendants are left to conjecture whether a "false light"/slander claim is brought against them and, if so, the nature of their actionable conduct.

Civil conspiracy: Complaint, PAGEID # 159-61. Again, the complaint fails to allege who conspired with whom to do what. The complaint fails to give defendants fair notice of the claim(s) asserted against them.

Defamation, slander, and libel:  Complaint, PAGEID # 161-63. These causes of action, which are Ohio common-law torts, are also barred by the Eleventh Amendment.

Employment discrimination: Complaint, PAGEID # 163-66. This claim pleads violations of Ohio Revised Code § 4112.02 and the ADA. It does not plead claims under 42 U.S.C. § 1918 or 1983 or 42 U.S.C. § 2000e-5(f). Once again, the complaint does not identify any individual defendant as having violated either Ohio Revised Code § 4112.02 or the ADA. Nor does it allege what any individual defendant did to discriminate against Plaintiff in her employment.

The only mention of a disability in the complaint is the allegation that in December 2008 Siegler met with ADA coordinator Scott Lissner and asked that her ADD/ADHD disability be accommodated. PAGEID # 129. There are no allegations that any defendant took any action to discriminate against Plaintiff in her

17

employment because of a disability. Under the ADA, only the employer, and not supervisors, may be liable for violating the Act. *Bukta v. J. C. Penney Co., Inc.*, 359 F.Supp.2d 649, 670 (N.D. Ohio 2004), citing *Wathen v. General Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997). However, as addressed above, as The Ohio State University is a state agency, it cannot be sued for monetary damages under the Americans with Disabilities Act. *Dillon-Barber*, *supra*. Consequently, Plaintiff's ADA claims are barred as a matter of law.

In addition, for the reasons set out above, the alleged employment discrimination claim for violation of Ohio Revised Code § 4112.02 is barred by the Eleventh Amendment.

<u>Plagiarism and/or taking of real property</u>: Complaint, PAGEID # 166-68. Once again, the complaint fails to allege which individual defendants plagiarized and took her property. The complaint alleges that the uncompensated taking of her research proposal was violative of her Fifth Amendment rights. The only claim of plagiarism in the general allegations is against Defendant Ayers; Plaintiff alleges that she presented her research proposal to, and discussed it with, Defendant Jewell, but does not allege that he took it or participated in taking it. Thus, the complaint states on its face a claim under 42 U.S.C. §1983 for plagiarism/taking of property against Defendant Ayers alone.

<u>Witness tampering and/or witness intimidation</u>: Complaint, PAGEID # 168-70. The Court cannot find a cognizable basis for this allegation in the complaint, and the terms used in the complaint are generally applied to criminal, not civil,

18

wrongdoing.  To the extent that this is related to the other claims she has articulated, it is part of her claim under 42 U.S.C. §1983.

Accordingly, I **RECOMMEND** that Plaintiff's Complaint be **DISMISSED WITH PREJUDICE**, except with respect to claims arising under the Americans with Disabilities Act as addressed below, against Defendants Gee, Barsky, Lewellen, Geiman, Berland, Shumate, Dillingham, Gibson, Gewirtz, Guttman, Frankel, Augustine, Melton, King, Nelson, Rosborough, Ramaradjou, OSU Psychiatry, LLC, and Jewell pursuant to Fed. R. Civ. P. 8(a)(2) for failing to articulate what claims cognizable at law are asserted against them.

I further **RECOMMEND** that Plaintiff's Complaint be **DISMISSED WITH PREJUDICE** with respect to all claims arising under the Americans with Disabilities Act against all individual defendants, for failure to state a claim upon which relief can be granted.

I further **RECOMMEND** that Plaintiff's Complaint be **DISMISSED WITH PREJUDICE** with respect to all claims against Defendant Simendinger, for failure to state a claim upon which relief can be granted.

I further **RECOMMEND** that Plaintiff's Complaint be **DISMISSED WITHOUT PREJUDICE** with respect to Defendants The Ohio State University, OSU Police Division,  The Ohio State University Office of Legal Affairs, OSU Medical Center, OSU Department of Pathology, OSU Human Resources, and State of Ohio Personnel Review Board, for lack of subject matter jurisdiction due to sovereign immunity under the Eleventh Amendment.  I likewise **RECOMMEND**

that Plaintiff's Complaint be **DISMISSED WITHOUT PREJUDICE** with respect to all other defendants, to the extent they are not already otherwise dismissed above, for Plaintiff's Ohio common law claims for intentional infliction of emotional distress, negligent infliction of emotional distress, invasion of privacy, false light invasion of privacy, and defamation, slander, and libel, as well as Plaintiff's Ohio statutory claims for retaliatory harassment, civil rights violations, and employment discrimination, for lack of subject matter jurisdiction due to sovereign immunity under the Eleventh Amendment.

Finally, I **RECOMMEND** that Plaintiff's Complaint be permitted to proceed with respect to the following claims: (1) against Defendants Daniel C. Rohrer, Laurie Ann Johnson, Katrina Muska Duff, and Olga Esquivel-Gonzalez, to the extent that Plaintiff states a claim under 42 U.S.C. §1983 for retaliation for exercise of constitutional rights guaranteed by the First Amendment; and (2) against Defendant Leona B. Ayers, to the extent that Plaintiff states a claim under 42 U.S.C. §1983 for the uncompensated taking of intellectual property in violation of the Fifth Amendment and/or Fourteenth Amendments.

It is **FURTHER ORDERED** that the United States Marshal serve by certified mail upon all defendants a summons, a copy of the complaint, and a copy of this Order.  Defendants **Rohrer**, **Johnson**, **Duff**, **Esquivel-Gonzalez**, and **Ayers**, are **ORDERED** to answer or otherwise respond to the complaint within forty-five (45) days after being served with a copy of the complaint and summons.  No defendant is barred, by the Court's identification herein of ascertainable or colorable claims,

20

from moving pursuant to Fed. R. Civ. P. 12(b)(6).  The remaining defendants are not required to answer the complaint unless later ordered to do so by the Court.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the party thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991).

s/Mark R. Abel
United States Magistrate Judge