IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Sara E. Siegler, | : | |
| Plaintiff | : | Civil Action 2:11-cv-170 |
| v. | : | Judge Watson |
| Ohio State University, *et al.*, | : | Magistrate Judge Abel |
| Defendants. | : | |

### ORDER

For good cause shown, Plaintiff's motion for leave to exceed page limitations in filing her opposition to the Magistrate Judge's initial screening report and recommendation (Doc. 14) is **GRANTED**.

Plaintiff has also filed a motion for exemption from PACER fees (Doc. 15). She requests two things: first, that she be exempted from the payment of fees for accessing documents electronically through PACER[1], and second, that the Court address her concerns that the Court's "Notice for PACER Fee-Exempt Users" might prohibit her use of online document backup.

---

[1] Plaintiff also makes reference to the Court's policy on its website that "[i]n order to file initiating pleadings (i.e. Complaints, Removals, etc.) electronically, an attorney must be admitted to the bar of this court" and receive CM/ECF training. PACER is used for *reviewing* documents, and CM/ECF is used for *filing* them. As Plaintiff has already filed her complaint in this action, the policy she cites is irrelevant. No fee is charged for filing documents with CM/ECF, but the Court will not waive its policy that only attorneys admitted to its bar are granted access to file documents electronically. Plaintiff is advised, however, that she can file documents by mailing them to the Clerk of Court.

The Judicial Conference of the United States has adopted the following policies regarding PACER fees:

ELECTRONIC PUBLIC ACCESS FEE SCHEDULE
(Issued in accordance with 28 U.S.C. §§ 1913, 1914, 1926, 1930, 1932)

As directed by Congress, the Judicial Conference has determined that the following fees are necessary to reimburse expenses incurred by the judiciary in providing electronic public access to court records. These fees shall apply to the United States unless otherwise stated. No fees under this schedule shall be charged to federal agencies or programs which are funded from judiciary appropriations, including, but not limited to, agencies, organizations, and individuals providing services authorized by the Criminal Justice Act, 18 U.S.C. § 3006A, and bankruptcy administrator programs.

I.  For electronic access to court data via a federal judiciary Internet site: eight cents per page, with the total for any document, docket sheet, or case-specific report not to exceed the fee for thirty pages– provided however that transcripts of federal court proceedings shall not be subject to the thirty-page fee limit. For electronic access to an audio file of a hearing in a district court, bankruptcy court, or the Court of Federal Claims via a federal judiciary Internet site: $2.40 per audio file.

Attorneys of record and parties in a case (including pro se litigants) receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. No fee is owed under this provision until an account holder accrues charges of more than $10 in a quarterly billing cycle. Consistent with Judicial Conference policy, **courts may, upon a showing of cause, exempt indigents,** bankruptcy case trustees, individual researchers associated with educational institutions, courts, section 501(c)(3) not-for-profit organizations, court appointed pro bono attorneys, and pro bono ADR neutrals **from payment of these fees. Courts must find that parties from the classes of persons or entities listed above seeking exemption have demonstrated that an exemption is necessary in order to avoid unreasonable burdens and to promote public access to information. Any user granted an exemption agrees not to sell for profit the data obtained as a result. Any transfer of data**

> obtained as the result of a fee exemption is prohibited unless expressly authorized by the court. Exemptions may be granted for a definite period of time and may be revoked at the discretion of the court granting the exemption.
>
> . . .
>
> **JUDICIAL CONFERENCE POLICY NOTES**
>
> Courts should not exempt local, state or federal government agencies, members of the media, attorneys or others not members of one of the groups listed above. **Exemptions should be granted as the exception, not the rule.** A court may not use this exemption language to exempt all users. **An exemption applies only to access related to the case or purpose for which it was given.** The prohibition on transfer of information received without fee is not intended to bar a quote or reference to information received as a result of a fee exemption in a scholarly or other similar work.
> The electronic public access fee applies to electronic court data viewed remotely from the public records of individual cases in the court, including filed documents and the docket sheet. **Electronic court data may be viewed free at public terminals at the courthouse** and courts may provide other local court information at no cost. Examples of information that can be provided at no cost include: local rules, court forms, news items, court calendars, opinions, and other information – such as court hours, court location, telephone listings – determined locally to benefit the public and the court.

(Effective August 1, 2010.)(Emphasis added.)

PACER charges, at the present time, $0.08 per page retrieved, with a maximum of $2.40 for any given document. Furthermore, fees are waived, for the quarter, for users who accrue a total of less than $10.00 worth of charges in any given quarter. *See* http://www.pacer.gov/psc/hfaq.html. Plaintiff is sent copies of orders issued by the Court, and the applicable rules of civil procedure mandate that Defendants must serve a physical copy of any documents they file upon Plaintiff. Fed. R. Civ. P. 5(b)(2); S.D. Ohio Civ. R. 5.2(a). She therefore receives the entirety

of the filings in this case.  Plaintiff has not made a sufficient showing that she either requires fee-waived access to PACER or that she is being billed a significant amount of money for her access.[2]

Plaintiff's motion for exemption of payment of PACER fees (Doc. 15) is **DENIED** without prejudice.

Plaintiff refers also to a notice issued to PACER users which cautions them about the use of "RECAP" software to automatically publish documents obtained from the Web.  The Court advises Plaintiff that the use of "online document backup using Google sites" is not barred by the Court or by the terms of use of PACER.

s/Mark R. Abel
United States Magistrate Judge

---

[2] The Court observes that the substantial bulk of documents filed to date in this action were filed by Plaintiff herself.