IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Sara E. Siegler, | : | |
| Plaintiff | : | Civil Action 2:11-cv-170 |
| v. | : | |
| The Ohio State University, *et al.*, | : | Magistrate Judge Abel |
| Defendants. | : | |

## OMNIBUS ORDER

As the relief Plaintiff requests in her motion for corrective docket entry has already been effected, that motion (Doc. 8) is **MOOT**.

Plaintiff's motion for reconsideration of the Court's June 13, 2011 order denying her motion for an exemption from PACER fees (Doc. 35) is **DENIED**.  The Court does not find that Plaintiff has presented an adequate basis to set aside its specific determination that "Plaintiff has not made a sufficient showing that she either requires fee-waived access to PACER or that she is being billed a significant amount of money for her access."  (Doc. 35 at 3.)

Plaintiff's first motion to make definite and certain (Doc. 45) is **DENIED**.  In the first place, Plaintiff misapprehends the purpose of Fed. R. Civ. P. 12(e), which is, as it says, to demand a "more definite statement of a pleading".  It is intended for circumstances where, *e.g.*, a plaintiff files a complaint that is so vague that a

1

defendant "cannot reasonably prepare a response". It is not intended as, as Plaintiff employs it here, as a means of consulting the Court on "uncertainties with regard to the filing of criminal complaints". Furthermore, the opinion of the Franklin County Prosecutor's Office cited by Plaintiff in her motion is correct. A private citizen has no "judicial or cognizable interest in the prosecution or non-prosecution of another." *Linda R.S. v. Richard C.*, 410 U.S. 614, 619 (1973). The Court will not accept criminal complaints for filing, on Form AO 91 or otherwise, unless the United States Attorney has authorized the prosecution. It will furthermore not interfere in the United States Attorney's discretion to determine whether prosecution is warranted. *See, e.g., Keenan v. McGrath*, 328 F.2d 610, 611 (1st Cir. 1964); *Winslow v. Romer*, 759 F.Supp. 670 (D. Col. 1991).

The Court will not entertain Plaintiff's second "motion to make definite and certain" (Doc. 49) as such, for the reasons stated above. However, Plaintiff states that the Court's July 5, 2011 notice of preliminary pretrial conference mandated that the parties conduct their Fed. R. Civ. P. 26(f) conference no later than July 11, 2011, and set the preliminary pretrial conference for August 11, 2011. She attaches to her motion correspondence with defense counsel, who stated, apparently in response to a set of discovery requests:

> I am in receipt of your emails, however, I strongly suggest that you more closely read Rule 26 of the Federal Rules of Civil Procedure. Pursuant to Rule 26(d) "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." I will respond with OSU's Rule 26(f) report within a reasonable amount of time. Additionally, as you may know, the Court has scheduled a Preliminary Pretrial Conference and if you read the 26(f) report form

> you will see that this report is the venue for the parties to set out their
> discovery plans.  We will not be engaging in any discovery until we
> have fully completed the 26(f) conference.

(Doc. 49-1 at 3.)  Plaintiff requests, in brief, advice from the Court as to when she may proceed with discovery.  The docket of this case reflects that the parties each filed separate Rule 26(f) reports on July 20, 2011.  (Docs. 54, 55.)  Defendants assert that the Conference of the Parties took place on July 18, 2011; Plaintiff asserts that she conferred with Defendants' counsel on various dates between July 7 and July 19, 2011.  In any case, pursuant to Fed. R. Civ. P. 26(d)(1), and unless as otherwise ordered by the Court, as the Rule 26(f) conference has already occurred, any party may engage in discovery.  The motion (Doc. 49) is otherwise **MOOT**.

Plaintiff's motion for the entry of default against Defendant Larry L. Lewellen (Doc. 50) is **DENIED**.  Although, as Plaintiff states, Defendant Lewellen has not moved or pled in response to her complaint, the Court's initial screening report and recommendation of May 23, 2011 stated that he was "not required to answer the complaint unless later ordered to do so by the Court." (Doc. 10 at 21.)

Finally, Plaintiff's motion for reconsideration of the Court's July 11, 2011 order denying her motion to strike (Doc. 56) is **DENIED**.  That order denied Plaintiff's request to strike a Form AO 85 (granting consent to reference of a civil action to a United States Magistrate Judge) recently filed by Defendants, on grounds that it had not been accompanied by a certificate of service.  The Court found that any failure to do so was *de minimis*.  Plantiff has not set forth any basis for the Court to reconsider its decision, or offered any explanation of any prejudice

she has suffered from Defendants' alleged failure.  The Court will accordingly not reconsider this matter.

s/Mark R. Abel  
United States Magistrate Judge