IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Sara E. Siegler, | : | |
| Plaintiff | : | Civil Action 2:11-cv-170 |
| v. | : | |
| The Ohio State University, *et al.*, | : | Magistrate Judge Abel |
| Defendants. | : | |

**OPINION AND ORDER**

On May 23, 2011, the Magistrate Judge issued an initial screening Report and Recommendation as to this matter, pursuant to 28 U.S.C. §1915(e)(2). (Doc. 10.) On June 6, 2011, Plaintiff filed objections to this initial screening. (Doc. 23.) On June 13, 2011, Defendants filed objections as well. (Doc. 27.) Upon the parties' consent, this case was then referred to the Magistrate Judge for all further proceedings. (Doc. 42.) Defendants subsequently refiled their objections as a motion to dismiss. (Doc. 46.)

This matter is before the Court on Plaintiff's objections to the initial screening Report and Recommendation. The initial screening summarized Plaintiff's allegations in detail. In brief, she was formerly employed by Defendant The Ohio State University ("OSU") at its Polaris Innovation Centre ("PIC"), but was terminated in February 2009. Plaintiff brought eleven claims against thirty-one named defendants, including OSU, its president, and several former co-workers and

1

supervisors.  The initial screening recommended that Plaintiff be permitted to proceed against Defendants Daniel C. Rohrer, Laurie Ann Johnson, Katrina Muska Duff, and Olga Equivel-Gonzalez on a claim under 42 U.S.C. §1983 for retaliation for exercise of constitutional rights guaranteed by the First Amendment, and against Defendant Leona B. Ayers on a claim under 42 U.S.C. §1983 for the uncompensated taking of intellectual property in violation of the Fifth Amendment and/or Fourteenth Amendment.  It recommended that her complaint be dismissed with prejudice against Defendants Gee, Barsky, Lewellen, Geiman, Berland, Shumate, Dillingham, Gibson, Gewirtz, Guttman, Frankel, Augustine, Melton, King, Nelson, Rosborough, Ramaradjou, OSU Psychiatry, LLC, and Jewell pursuant to Fed. R. Civ. P. 8(a)(2) for failing to articulate what claims cognizable at law were asserted against them.  It further recommended that Plaintiff's complaint be dismissed with prejudice with respect to any claims arising under the Americans with Disabilities Act, and all claims against Defendant Simendinger, for failure to state a claim upon which relief can be granted.  Finally, it recommended that Plaintiff's complaint be dismissed without prejudice against Defendant The Ohio State University, OSU Police Division, The Ohio State University Office of Legal Affairs, OSU Medical Center, OSU Department of Pathology, OSU Human Resources, and State of Ohio Personnel Review Board, for lack of subject matter jurisdiction due to sovereign immunity under the Eleventh Amendment, and likewise be dismissed without prejudice with respect to all other defendants for all claims arising under Ohio common or statutory law for lack of subject matter

2

jurisdiction due to sovereign immunity under the Eleventh Amendment.

In her objections, Plaintiff identifies four "assignments of error" upon which the Court should make a determination different from that in the initial screening. These are that the complaint (1) provides fair notice of her claims; (2) states ADA claims; (3) states a claim against Defendant Simendinger; and (4) is not barred by sovereign immunity because defendants have consented to suit. Further, Siegler states that she does not object to the recommendation that her claims under §1983 go forward. The Court will address her objections individually.

**Failure to provide fair notice of claims**. Plaintiff argues that she "has been trying her best with regard to her lawsuits despite having had no legal education and/or training" and "made an effort to comply with FRCP 8 given the fact that Siegler was not privy to much of the information pertaining to her employment at OSU, the internal OSU investigations and the subsequent termination of Siegler's employment." (Doc. 23 at 38.) Plaintiff's allegations do not fail to state claims against various defendants because her complaint lacks sufficient factual detail, or because there exist facts unknown to her. They fail to state claims because they do not explain what a given defendant is supposed to have done wrong, aside from general insinuation that he or she was involved in Plaintiff's misfortunes or should have done more to prevent them. The Report and Recommendation set out the specific reasons why the complaint failed to give the identified defendants fair notice of the claims against them. *See* Doc. 10 at 10 (no allegation in complaint that Gee did anything other than serve as president of university; no allegation that

3

Barsky participated in decision to terminate Siegler's employment or engaged in any other actionable conduct); 11 (no allegation that Lewellen engaged in any actionable conduct; no allegation that Gibson and Dillingham did anything other than provide Siegler with information about how to file whistleblower complaint; no allegation that Frankel did anything other than receive certain slides questioned by Siegler; no allegation that Augustine, Melton, King, Nelson, or Rosborough had any supervisory authority over Siegler; no specific allegations at all about Augustine or Melton); 12 (allegations that King, Nelson, and Rosborough annoyed Siegler or treated her disrespectfully do not form the basis of a legally actionable claim; no allegations in complaint at all about OSU Psychiatry, LLC).  A defendant cannot defend himself against allegations that he was simply involved somehow in harm done to a plaintiff.

Courts have the power to grant redress only for specifically identifiable claims created by the Constitution, statute, or common law.  A plaintiff need not wait until after she has obtained all possible information about the matter before filing suit, and her complaint need not plead with great precision, but it must explain why the actions of a given defendant match one of these categories of cognizable harms.  Failure to provide such explanation is failure to show "that the pleader is entitled to relief" or "to state a claim upon which relief can be granted".  Fed. Rs. Civ. P. 8(a)(2); 12(b)(6).

The Federal Rules of Civil Procedure are accompanied by an appendix of sample forms.  Form 11, for instance, is a complaint for injury suffered in an

4

automobile accident.  It contains little specific detail about the accident itself.  However, because the law generally recognizes "negligence" as a theory upon which a plaintiff can recover from a defendant, this complaint would state a claim against the defendant for negligence.  It would give the defendant fair notice that he is being sued for having harmed the plaintiff by committing the tort of negligence during some particular incident.  Whether the actions of the defendant actually did amount to negligence, or whether he had some defense that would otherwise prevent the plaintiff from recovering from him, would of course be matters to be thereafter decided by a judge or jury.  The plaintiff would have, however, successfully stated a claim against him, permitting the lawsuit to go forward at all.[1]

In Plaintiff's complaint, she failed to sufficiently articulate claims against all but four defendants such that they would have fair notice of what they were being sued for.  The Court accordingly will dismiss these defendants.

**Claims under ADA and against Simendinger**.  Plaintiff identified Kathleen Simendinger in her complaint as a Special Assistant for Biorepository and Biospecimen Resource at the Polaris Innovation Centre, who, on one occasion discussed her surgical history during a telephone call.  In the Report and Recommendation, the Magistrate Judge found that Plaintiff may have attempted to state a claim against Simendinger under HIPAA for unauthorized disclosure of

---

[1] *Compare* Doc. 10 at 15.  "The complaint does not identify these defendants or the defendants who allegedly intentionally inflicted emotional distress.  Further, it does not allege any specific actions by any individual defendant that negligently inflicted distress on Plaintiff."

medical information. However, he found, HIPAA does not provide for any private right of action to enforce it, but rather provides civil and criminal penalties which must be enforced by the Department of Health and Human Services.

In her objections, Plaintiff states:

> Siegler is aware of cases where individuals have been imprisoned for HIPAA privacy rules violations, such as that of the cardiothoracic surgeon from China who was working as a researcher at UCLA who became the first person to be imprisoned for an unauthorized access to medical records under the HIPAA privacy rule, a rule which has since been supplemented by the Health Information Technology for Economic and Clinical Health, hereinafter "HITECH", Act. Settlements have also been announced by companies such as CVS and Cignet to settle HIPAA privacy rule violation lawsuits. Siegler's privacy is also conferred upon her under the Right to Privacy Act of 1974, and Siegler argues that this Court has the authority to hear the claim regarding the unauthorized access/disclosure/dissemination of protected health information against Simendinger that violated the HIPAA privacy rule under the federal Right to Privacy Act of 1974. While the Ohio common law tort of the invasion of privacy would be barred by the Eleventh Amendment, this Court has authority to hear the tort claims brought under the federal Tort Claims Act.

(Doc. 23 at 45-46.) Plaintiff provides no case citation to the case of the cardiothoracic surgeon, and the Court has been unable to find the case. As described by Plaintiff, the surgeon was "imprisoned" is consistent with criminal penalties imposed by government action, rather than private litigation. The Privacy Act of 1974, 5 U.S.C. §552a, bars federal agencies from disclosing personal information under certain circumstances. Likewise, the Federal Tort Claims Act, 28 U.S.C. §1346(b), permits private parties to sue the United States of America. However, Plaintiff has named neither the United States of America nor any of its agencies as a defendant in this action, and has not brought any claims against them. The Court

will dismiss all claims against Defendant Simendinger.

**Sovereign immunity and the Eleventh Amendment**.  Plaintiff's remaining arguments relate to the Court's finding that suits against state agencies and their employees cannot be brought in federal court, because it is deprived of subject matter jurisdiction under the Eleventh Amendment to the United States Constitution.  She argues specifically that certain defendants consented to be sued, thus waiving sovereign immunity, or that the Seventh Amendment guarantees her right to be heard in court by a jury.  The Court has recently addressed, and rejected, these arguments in detail in Plaintiff's parallel case.  *See Siegler v. The Ohio State University*, Southern District of Ohio Case No. 2:10-cv-172, Order of August 4, 2011 at 3-6.  It will not reiterate those findings here, and will not reconsider its initial recommendation that certain of Plaintiff's claims be denied as barred under the Eleventh Amendment.[2]

**Conclusions**.  For the reasons set forth herein, Plaintiff's objections to the initial screening Report and Recommendation (Doc. 23) are **OVERRULED**.  It is hereby **ORDERED** that:

Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**, except with respect to claims arising under the Americans with Disabilities Act as addressed

---

[2] The Court includes in this determination that Plaintiff's claims for monetary relief under the Americans with Disabilities Act against OSU and its subdivisions and agencies are likewise barred under the Eleventh Amendment. *See Dillon-Barber v. Regents of Univ. of Michigan*, 51 Fed.Appx. 946, 949 (6th Cir. 2002).

below, against Defendants Gee, Barsky, Lewellen, Geiman, Berland, Shumate, Dillingham, Gibson, Gewirtz, Guttman, Frankel, Augustine, Melton, King, Nelson, Rosborough, Ramaradjou, OSU Psychiatry, LLC, and Jewell pursuant to Fed. R. Civ. P. 8(a)(2) for failing to articulate what claims cognizable at law are asserted against them.

Plaintiff's Complaint is **DISMISSED WITH PREJUDICE** with respect to all claims arising under the Americans with Disabilities Act against all individual defendants, for failure to state a claim upon which relief can be granted.

Plaintiff's Complaint is **DISMISSED WITH PREJUDICE** with respect to all claims against Defendant Simendinger, for failure to state a claim upon which relief can be granted.

Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** with respect to Defendants The Ohio State University, OSU Police Division, The Ohio State University Office of Legal Affairs, OSU Medical Center, OSU Department of Pathology, OSU Human Resources, and State of Ohio Personnel Review Board, for lack of subject matter jurisdiction due to sovereign immunity under the Eleventh Amendment. Plaintiff's Complaint is likewise **DISMISSED WITHOUT PREJUDICE** with respect to all other defendants, to the extent they are not already otherwise dismissed above, for Plaintiff's Ohio common law claims for intentional infliction of emotional distress, negligent infliction of emotional distress, invasion of privacy, false light invasion of privacy, and defamation, slander, and libel, as well as Plaintiff's Ohio statutory claims for retaliatory harassment, civil rights

violations, and employment discrimination, for lack of subject matter jurisdiction due to sovereign immunity under the Eleventh Amendment.

The Clerk of Court is **DIRECTED** to terminate Doc. 10.

As the four defendants upon whom Plaintiff requests that service be made have been dismissed from this action, Plaintiff's motion for service (Doc. 60) and amended request (Doc. 61) are **MOOT**.  Plaintiff's motion for service by electronic means upon Sara Nelson (Doc. 62) is likewise **MOOT**.  Defendants' motion to stay such service (Doc. 64) is **DENIED AS MOOT**.

                        s/Mark R. Abel
                        United States Magistrate Judge