IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Sara E. Siegler, | : | |
| Plaintiff | : | Civil Action 2:11-cv-170 |
| v. | : | |
| The Ohio State University, *et al.*, | : | Magistrate Judge Abel |
| Defendants. | : | |

OMNIBUS ORDER

Plaintiff's August 23, 2011 Motion for Corrective Docket Entries (Doc. 78), which requested alterations to some docket entries to better reflect their precise nature, and an amendment of the preliminary pretrial order to add 28 U.S.C. §1367 as an articulated basis for the Court's jurisdiction, is **DENIED** as *de minimis* and unnecessary, except to the extent that Plaintiff's exhibits to this motion, which she states replace documents accidentally omitted from earlier filings by the Clerk of Court, are not stricken from the record.

Defendants' September 13, 2011 Motion for Sanctions and to Declare Sara Siegler a Vexatious Litigator (Doc. 83) is **DENIED**.  Although Defendants protest that Plaintiff has twice "attempted to 'seize' someone's home through a bizarre theory involving various civil forfeiture statutes", and that Plaintiff is "using the judicial process as a tool to vexatiously harass the Defendants", the Court has

1

adjudicated these requests and Defendants have presented no evidence that the property owners themselves have been inconvenienced in any fashion by them.¹ That Plaintiff refused to withdraw her most recent motion at Defendants' insistence is likewise not grounds for the imposition of sanctions.  Finally, although her filings in this and in the parallel litigation have been voluminous, the docket of this court indicates only three cases filed by Plaintiff, one of which is no longer pending in this district.  This does not amount to a "history of litigation" warranting an injunction limiting a litigant's access to the federal courts, especially where one of the two actions here remained pending and unresolved at the time of the request.²

Plaintiff's cross-request, in her September 21, 2011 memorandum contra, for sanctions against Defendants for having filed their motion is denied.  The Court specifically negates Plaintiff's assertion (Doc. 92 at 5) that the May 23, 2011 Report and Recommendation found any defendant liable to Plaintiff on any claim.  It also notes that, contrary to Plaintiff's assertion (*id.* at 6), as an individual choosing to litigate in this forum *pro se,* she is "bound by the professional standards within the FRCP, such as FRCP 11", even though she is not admitted to the practice of law.

Plaintiff's September 15, 2011 motion to substitute a replacement motion

---

¹ Defendants are correct that the Court has found Plaintiff's attempts to invoke civil forfeiture statutes frivolous both on their face and as applied to defendants against whom no judgment has been entered.

² Plaintiff's interactions with the Columbus Municipal Housing Authority (Doc. 83-1) form no part of a case or controversy pending before this court, and it offers no opinion concerning them.

(Doc. 87) is **GRANTED**, although the underlying motion for the admission of newly discovered evidence (Doc. 85) is **DENIED**.  "When proof of facts not already of record is necessary to support or oppose a motion, all evidence then available shall be discussed in, *and submitted no later than*, the primary memorandum of the party relying upon such evidence."  S.D. Ohio Civ. R. 7.2(d) (emphasis added).

Plaintiff's September 21, 2011 motion for leave to file a second amended complaint (Doc. 93) is **DENIED**.  While Fed. R. Civ. P. 15(a)(2) provides that a court should "freely give leave" to amend "when justice so requires", Plaintiff's motion offers no indication as to what amendments or alterations she would make in such a pleading.  Her motion for an expedited decision upon this motion (Doc. 94) is **DENIED AS MOOT**.

Plaintiff's September 21, 2011 motion for leave to file a motion for reconsideration in excess of twenty pages (Doc. 95) is **DENIED** in that she may file such a motion, but is not permitted to exceed twenty pages in length.  Her motion for an expedited decision upon this motion (Doc. 96) is **DENIED AS MOOT**.

s/Mark R. Abel
United States Magistrate Judge
