IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Sara E. Siegler,                              :

        Plaintiff                        :         Civil Action 2:11-cv-170

   v.                                        :

The Ohio State University, *et al.*,          :         Magistrate Judge Abel

        Defendants.                      :

**OPINION AND ORDER**

This matter is before the Court pursuant to the motion of Defendant Leona Ayers to dismiss Plaintiff's remaining claim under Fed. Rs. Civ. P. 12(b)(1) and (6) (Doc. 122), Plaintiff's motion for reconsideration of the Court's Order of December 6, 2011 denying Plaintiff's motion for a preliminary injunction (Doc. 125), and Plaintiff's motion for reconsideration of the Court's Order of September 26, 2011 granting Defendants' motion to dismiss in part (Doc. 105).

The Court has previously summarized the circumstances surrounding Plaintiff's employment with a bioscience research center affiliated with Ohio State University ("OSU"). *See* Doc. 98 at 3-4; Doc. 10 at 3-9.

**Reconsideration of dismissal**.  On September 16, 2011, the Court issued an opinion and order adopting an initial screening report and recommendation (Doc. 90). It dismissed Plaintiff's complaint except as to Defendants Daniel C. Rohrer,

1

Laurie Ann Johnson, Katrina Muska Duff, and Olga Esquivel-Gonzalez on a claim under 42 U.S.C. §1983 for retaliation for exercise of constitutional rights guaranteed by the First Amendment, and against Defendant Leona B. Ayers on a claim under 42 U.S.C. §1983 for the uncompensated taking of intellectual property in violation of the Fifth and/or Fourteenth Amendments. On September 26, 2011, the Court issued an opinion and order granting Defendants' motion to dismiss Plaintiff's First Amendment claim. (Doc. 98.) It found that Plaintiff's speech criticizing alleged misuse of a computer system at OSU did not constitute constitutionally protected speech on a matter of public concern rather than complaints about internal employment matters, and that Plaintiff's complaint did not offer more than conclusory allegations that her subsequent termination had been in retaliation for her speech. (*Id.* at 5-6.)

Plaintiff has now filed a motion for reconsideration of this opinion and order. (Doc. 105.) She argues in the first place that the Court's finding that she had failed to state a claim for First Amendment retaliation upon which relief can be granted is at odds with the Court's order adopting the initial screening report and recommendation and permitting such a claim to go forward. This case is unusual in that the parties consented to the reference of this matter to the Magistrate Judge for all further proceedings and final judgment subsequent to the issuance of an initial screening report and recommendation. As Plaintiff was proceeding *in forma pauperis*, the Court was still obligated under 28 U.S.C. §1915(e)(2) to identify cognizable claims, and to dismiss the complaint, or any portion of it, which is

2

frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-9 (6th Cir. 1997). This initial screening, and the Court's determination in it, is the Court's own *sua sponte* review of a pleading for claims which are obviously untenable or incomprehensible. As it is not performed in response to any defendant's deliberate identification of or argument concerning specific pleading defects, the review merely screens out stated claims which on their face are not colorable and cannot go forward.

In the case at bar, the Court's initial screening recommended the dismissal, *inter alia*, of Plaintiff's claims against The Ohio State University, OSU Police Division, The Ohio State University Office of Legal Affairs, OSU Medical Center, OSU Department of Pathology, OSU Human Resources, and State of Ohio Personnel Review Board. These are flatly barred, for reasons the Court has set forth elsewhere, as due to sovereign immunity under the Eleventh Amendment the Court has no subject matter jurisdiction to entertain them. *See* Doc. 90 at 2; Doc. 10 at 13; Fed. R. Civ. P. 12(h)(3). It recommended the dismissal of other claims for similar reasons.

The initial screening did identify Plaintiff's First and Fifth Amendment claims as cognizable claims that were not obviously barred on their face, and permitted these to go forward. Nevertheless, the Court's initial screening did not deprive Defendants of their opportunity to file a Fed. R. Civ. P. 12(b)(6) motion setting forth specific arguments for why, even if the Court did not reject these

3

claims on their face as obviously defective, Plaintiff's complaint still failed to state claims upon which the Court can grant relief. This Defendants did. (Doc. 46.) Having considered Defendants' motion, and Plaintiff's opposition to it, the Court thereupon granted Defendants' motion in part. (Doc. 98.) The Court's grant of Defendants' motion to dismiss did not contradict its initial screening; it found at first glance that Plaintiff had set forth cognizable claims not obviously barred on their face, and, upon consideration of Defendants' detailed arguments, that Plaintiff's complaint nevertheless failed to meet the Fed. R. Civ. P. 12(b)(6) standard necessary to state a claim upon which relief can be granted.

Plaintiff also argues again that her complaints concerning her employer's defective and inadequately utilized computer system constituted constitutionally protected speech on matters of extreme public concern, and that she therefore should have been considered a "whistleblower". The Court finds no basis to set aside its earlier conclusion that Plaintiff's "allegations, even if they were all accepted as true, would not demonstrate any kind of fraud upon the public sufficient to give rise to a claim that a plaintiff had 'blown the whistle' on governmental wrongdoing rather than simply complained about internal mismanagement." (Doc. 98 at 6.) Her argument is thus not well taken. Plaintiff's motion for reconsideration (Doc. 105) is **DENIED**.

**Posture of Fifth Amendment claim**. In the initial screening report and recommendation (Doc. 10), the Magistrate Judge noted:

Plaintiff Siegler also alleges that, in July 2008, she produced a research

4

> proposal concerning lymphoma tissue cores and tissue microarrays, about which she conferred with one of the researchers at PIC, Dr. Jewell. However, in September 2010, another researcher, Dr. Ayers, presented Siegler's research at a conference as her own. OSU has maintained that it has ownership of this research as intellectual property developed by the use of federal funds, but Plaintiff alleges that she produced the research proposal on her own time.

(Doc. 10 at 9.) The Magistrate Judge recommended that this action be permitted to proceed against Defendant Leona B. Ayers ("Ayers"), "to the extent that Plaintiff states a claim under 42 U.S.C. §1983 for the uncompensated taking of intellectual property in violation of the Fifth Amendment and/or Fourteenth Amendments." (Doc. 10 at 20.) Defendants objected to the initial screening, arguing in part, that Plaintiff had failed to adequately state a claim for deprivation of a constitutionally protected property interest. (Doc. 27 at 11-12.) They raised this argument again in a subsequent motion to dismiss. (Doc. 46 at 15.)

On September 26, 2011, the Court issued an opinion and order, in which it noted that Plaintiff had challenged O.R.C. §3345.14 and 35 U.S.C. §201 *et seq.*, statutes which required that research produced at universities became the intellectual property of those universities, as violative of the Fifth Amendment. As Defendant Ayers had argued that Plaintiff's research proposal had become the property of OSU under O.R.C. §3345.14 and 35 U.S.C. §201 *et seq.*, the Court certified to the United States Attorney General that the constitutionality of a federal statute had been called into question, and denied Defendant's motion without prejudice. The United States Attorney General made no response, and Defendant has now filed a new motion to dismiss on substantially similar grounds.

5

(Doc. 122.)

**Claim Against Dr. Ayers**. The remaining claim in this action is against Defendant Dr. Leona B. Ayers, M.D., in her individual and official capacities. In her complaint, Plaintiff alleged that Ayers was the principal investigator of the AIDS and Cancer Specimen Resources for the OSU Department of Pathology, and was based at the Polaris Innovation Centre where Plaintiff was employed. (Doc. 11 at 19.) According to the complaint:

> Although it was not required or expected of Siegler, on July 11, 2008, Siegler proposed an idea for a research proposal to Dr. Jewell with the assistance of Mr. Rohrer in a private meeting held between the three. During said meeting in addition to an email correspondence between Siegler and Dr. Jewell that followed said meeting, Dr. Jewell encouraged Siegler to write up the proposal, which she did. Said research proposal that deals with lymphoma tissue cores and tissue microarrays, hereinafter "TMAs," was written by Siegler in July of 2008, and a three page outline of said proposal was reviewed by both Dr. Jewell, who wrote hand-written comments on said outline, and Mr. Rohrer, who commented electronically on said outline, and several versions (with several titles) were submitted to Mr. Rohrer and Dr. Jewell throughout July and August of 2008. [...] The lymphoma tissue core and TMA biomarker validation research was plagiarized by Dr. Ayers, and she presented Siegler's research at a conference in South Africa in September of 2010 as is explained in further detail herein. (Siegler was not given any credit for authoring said research).

(Doc 4-2 at 27-28.) Furthermore:

> In September of 2010, Dr. Ayers published and presented research (several posters and abstracts) that was plagiarized from Siegler's 2008 lymphoma research. Dr. Ayers had access to Siegler's work, and the research published by Dr. Ayers in 2010 is substantially similar to the lymphoma research proposed by Siegler in 2008 that included the use of specimens from the AIDS and Cancer Specimen Resource, or ACSR, under the management of Dr. Ayers. Siegler did not consent to the unjust, uncompensated taking of her research, and such an unjust, uncompensated taking violated the "Takings Clause"/"Just

6

> Compensation Clause" of the Fifth Amendment in addition to the
> "Equal Protection Clause" of the Fourteenth Amendment.

(*Id.* at 55.) Plaintiff thus alleges that Ayers acted under color of law to effect a taking of private property for public use without due process of law, a seizure violative of the Fifth and Fourteenth Amendments.

**Parties' arguments**. A plaintiff who wishes to state a claim under 28 U.S.C. §1983 for deprivation of her constitutional rights must properly allege two elements: (1) that the defendant was acting under color of state law; and (2) that the offending conduct deprived the plaintiff of rights secured under federal law. *Sperle v. Michigan Dep't of Corrections*, 297 F.3d 483, 490 (6th Cir. 2002). Defendant Ayers argues that Plaintiff's claim for a Fifth Amendment taking of her research proposal is too vague to state a claim upon which relief can be granted. She also argues that Plaintiff has no constitutionally protected property interest in her research proposal because ownership of any such materials would vest in OSU *ab initio* under O.R.C. §3345.14(B). Finally, Defendant argues that Plaintiff fails to state a claim that she was deprived of her property without due process of law, and that Defendant Ayers is, in her individual capacity, entitled to qualified immunity.

Plaintiff argues that the owner of intellectual property has a constitutionally protected property interest, that statutes purporting to automatically confer that ownership upon OSU are unconstitutional under the Fifth Amendment, and that Defendant Ayers is not entitled to qualified immunity as she knowingly engaged in activity violative of Plaintiff's constitutional rights.

7

**Motion to dismiss**.  Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to assert by motion a defense of failure to state a claim upon which relief can be granted.  The United States Supreme Court has recently clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007).  The United States Court of Appeals for the Sixth Circuit has explained:

> The Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." [*Twombly*] at 1964-65 (citations and quotation marks omitted). Additionally, the Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (internal citation and quotation marks omitted).

*Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007).  The claims must be plausible and not merely conceivable.  *Twombly*, 127 S. Ct. at 1974.

With regard to the previous standard as set forth in *Conley v. Gibson*, the Sixth Circuit explained:

> In [*Twombly*], the Court disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly*, 127 S. Ct. at 1969.

*Ass'n of Cleveland Fire Fighters*, 502 F.3d at 548.

**Analysis**.  The Court finds, in the first place, that it is well settled that

8

recovery of monetary damages against Defendant Ayers in her official capacity is barred by the Eleventh Amendment to the United States Constitution. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). The United States Supreme Court has held that state employees sued in their official capacity for monetary relief are not "persons" within the meaning of §1983. Any suit such as this "seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974).

In the second place, the Court finds that Plaintiff cannot state a claim against Defendant Ayers for violation of the clause of the Fifth Amendment providing that "nor shall private property be taken for public use, without just compensation." Her complaint does not allege that Ayers took her research proposal "for public use", as opposed to simply obtaining credit herself for the work. Furthermore, in any case, a claim under this clause is one for a seizure by exercise of the eminent domain power without just compensation. The theft of property by an individual – as opposed to a governmental entity – of the property of another is not a "taking" for purposes of the Fifth Amendment. *Vicory v. Walton*, 730 F.2d 466, 467 (6th Cir. 1984), citing *Jacobson v. Tahoe Regional Planning Agency*, 474 F.Supp. 901 (D. Nev. 1979). "Plaintiff may not maintain a constitutional cause of action against... defendants who neither have nor claim the eminent domain power, nor any power similar to it." *Id*.

Finally, although she stated in her complaint that Ayers' actions had violated the Equal Protection Clause of the Fourteenth Amendment, the Court will construe

Plaintiff's complaint as articulating a claim for violation of the Due Process Clause, under which no state shall "deprive any person of... property, without due process of law". "'The touchstone of due process is protection of the individual against arbitrary action of government,' whether the fault lies in a denial of fundamental procedural fairness, or in the exercise of power without any reasonable justification". *County of Sacramento v. Lewis*, 523 U.S. 833, 845-46 (1998), quoting *Wolff v. McDonnell*, 418 U.S. 539, 558 (1974) (citations omitted).

Plaintiff argues that she articulated a claim for deprivation of both procedural and substantive due process. (Doc. 126 at 15.) As the Sixth Circuit Court of Appeals has explained, "substantive due process prohibits the government's abuse of power or its use for the purpose of oppression, and procedural due process prohibits arbitrary and unfair deprivations of protected life, liberty, or property interests without procedural safeguards." *Howard v. Grinage*, 82 F.3d 1343, 1350 (6th Cir. 1996). Here it is clear from Plaintiff's allegations that she argues not that it was wrong for Ayers to take her intellectual property without giving her notice and an opportunity to object, but rather that it was wrong for her to do so at all. This is deprivation of substantive due process.

In order to state a cognizable substantive due process claim, a plaintiff must allege "conduct intended to injure in some way [that is] unjustifiable by any government interest... the sort of official action most likely to rise to the conscience-shocking level." *Cnty of Sacramento*, 523 U.S. at 849. More fundamentally, however, a plaintiff must allege that the conduct was an official action at all, taken

"under color of law". 28 U.S.C. §1983. The purpose of the Due Process Clause "was to protect the people from the State, not to ensure that the State protected them from each other." *DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 196 (1987). The Fourteenth Amendment offers no shield against private conduct, however wrongful. *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 350 (1974).

Plaintiff's complaint, although it invokes language suggestive of constitutional claims, does not allege that Defendant Ayers acted under color of law, and therefore does not state a claim under 42 U.S.C. §1983. Plaintiff alleges that she pitched a research proposal to another Centre employee, Dr. Jewell, and that she worked with Dr. Jewell and another employee, Mr. Rohrer, to develop the proposal. Two years later, she claims, Dr. Ayers plagiarized research from the proposal and presented it at a conference. But nowhere does Plaintiff claim that Dr. Ayers carried out the theft of her research proposal on behalf of OSU, or at its behest, or to benefit it in some way. Not all private misconduct amounts to deprivation of constitutional rights. As Defendant points out, the Supreme Court has routinely held that §1983 "imposes liability for violations of rights protected by the Constitution, not violations of duties of care arising out of tort law. Remedy for the latter type of injury must be sought in state court under traditional tort-law principles." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Even if the Court were to resolve all inferences concerning Plaintiff's complaint in her favor, and assume both that Plaintiff has articulated definable

11

intellectual property of value and that the research proposal was not the property of OSU *ab initio*, it could still conclude only that Plaintiff has described a private act of plagiarism by a person employed by the State of Ohio, not a governmental taking by the state itself.[1]  Without a colorable allegation that Plaintiff was deprived of her property by an individual acting under color of law, she cannot maintain a claim for violation of her constitutional rights (whether to substantive due process or otherwise).  Accordingly, Defendant's motion to dismiss should be granted.

As the Court has found for other reasons that Plaintiff's complaint fails to state a claim against Defendant Ayers under 42 U.S.C. §1983, it is unnecessary to address the question of whether O.R.C. §3345.14 is unconstitutional on its face.

Furthermore, as the Court has determined that Plaintiff cannot demonstrate "a strong likelihood of success on the merits" of her claims, Plaintiff's request that the Court reconsider its December 6, 2011 order denying her request for a preliminary injunction to enjoin OSU and any affiliated entities from misappropriating her intellectual property is properly denied.

**Conclusions**.  For the reasons set forth above, Plaintiff's motion for reconsideration of the Court's Order of September 26, 2011 (Doc. 105) is **DENIED**.

---

[1] Plaintiff's complaint alleges only that she created a "research proposal", although she claims elsewhere that Defendant Ayers stole her "research" – not at all the same thing.  It is not clear whether a simple *proposal* to conduct medical research in a certain way could be, for instance, copyrighted.  "In no case does copyright for an original work of authority extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery regardless of the form in which it is described, explained, illustrated, or embodied in such work."  17 U.S.C. §102(b).

Her motion for reconsideration of the Court's Order of December 6, 2011 (Doc. 125) is **DENIED**. The motion of Defendant Leona Ayers to dismiss for failure to state a claim upon which relief can be granted (Doc. 122) is **GRANTED**. This action is **DISMISSED WITH PREJUDICE**. The Clerk of Court is **DIRECTED** to terminate all pending motions and to enter **JUDGMENT** for all Defendants.

s/Mark R. Abel  
United States Magistrate Judge
