IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Sara E. Siegler, | : | |
| Plaintiff | : | Civil Action 2:11-cv-170 |
| v. | : | |
| The Ohio State University, *et al.*, | : | Magistrate Judge Abel |
| Defendants. | : | |

## OMNIBUS ORDER

This matter is before the Court pursuant to Plaintiff's motion for relief under Fed. R. Civ. P. 60 (Doc. 139), motion for expedited consideration of same (Doc. 140), motion to alter or amend the judgment (Doc. 141), and motion for a new trial (Doc. 142). The Court notes in the first place that Plaintiff's motion for relief from judgment (Doc. 139) does not state any grounds for requesting such relief, and the Court will conclude that it is meant to raise the same arguments as in her other pending motions.

Plaintiff's motion to alter or amend the judgment (Doc. 141) sets forth the somewhat complex disposition of this case, in which, over the course of three separate orders, the Court dismissed certain claims for failure to state a claim upon which relief could be granted, and dismissed others for lack of subject matter jurisdiction. Plaintiff inquires: "It is unclear to Siegler... which of the dismissed

1

claims per Documents 90, 98, 134, 135 may be re-filed with this Court under United States District Court for the Southern District of Ohio Local Rule 41.1." (Doc. 141 at 5.)

The Court notes that a Fed. R. Civ. P. 12(b)(6) dismissal on the merits results in a final judgment and a *res judicata* bar to further litigation. Accordingly, were a party to refile claims which had been dismissed *with* prejudice, the defendant could simply raise the defense that such claims had already been litigated in its favor and were no longer properly in dispute. Furthermore, the Court dismissed certain of Plaintiff's claims *without* prejudice, for want of subject matter jurisdiction – which, as the Court has repeatedly explained, means that it does not have the power to hear and decide them. Were such claims refiled here, the Court would be compelled to again dismiss them. This does not, however, necessarily bar such claims from being filed in a state court which *did* have jurisdiction to hear them.

In Plaintiff's motion for a new trial, she argues that the Court's dismissal of this action prior to trial violated her right under the Seventh Amendment to the United States Constitution that "the right to trial by jury shall be preserved". However, it is well settled that the procedures of pretrial dismissal and summary judgment do not violate the Seventh Amendment. *See, e.g.*, *Love v. Electric Power Bd. of Chattanooga*, EBP, 392 F.Appx. 405, 410 (6th Cir. 2010); *McDaniel v. Kindred Healthcare, Inc.*, 311 F.Appx. 758, 758-59 (6th Cir. 2009); *Cook v. McPherson*, 273 F.Appx. 421, 425 (6th Cir. 2008). In addition, she attaches to her motion certain exhibits relating to employees at OSU Pathology and the academic

and research activities of former defendant Dr. Leona Ayers.  Plaintiff characterizes this as new evidence, and asserts that a "new trial" is warranted due to newly-discovered evidence.  However, this action was dismissed with respect to Dr. Ayers for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6).  This dismissal, as the Court previously explained at length, was due to the failure of Plaintiff's complaint to set forth a set of allegations which, if proven true, would show that Plaintiff is entitled to relief at law.  This action did not proceed to the point of considering whether or not Plaintiff could prove her allegations, as the Court determined that even if true (*i.e.* even if Plaintiff could prove that Dr. Ayers plagiarized her work) they would not show that she is entitled to relief under the legal theories she has articulated.  Accordingly, the existence or nonexistence of any new evidence does not merit the Court's reversal of its judgment dismissing this action.

For the foregoing reasons, Plaintiff's motions for relief under Rule 60 (Doc. 139), to alter or amend the judgment (Doc. 141) and for a new trial (Doc. 142) are **DENIED**.  Plaintiff's motion for expedited consideration (Doc. 140) is **MOOT**.

s/Mark R. Abel
United States Magistrate Judge

3