IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Sara E. Siegler, | : | |
| Plaintiff | : | Civil Action 2:11-cv-170 |
| v. | : | |
| The Ohio State University, | : | Magistrate Judge Abel |
| Defendant | : | |

### ORDER DENYING RECONSIDERATION

On June 1, 2012, the Court entered an order denying without prejudice Plaintiff's motion for leave to appeal this action *in forma pauperis* (Doc. 157), on grounds that she had failed to supply the affidavit required by 28 U.S.C. §1915(a)(1) stating the nature of the appeal.

Now before the Court is Plaintiff's motion for partial reconsideration of this order (Doc. 158). She states:

> This Court erred in denying Siegler leave to appeal *in forma pauperis* because the filing of the appeal notice, or Document 150, invokes appellate jurisdiction, and thus, this Court had no authority to deny Document 153. Pursuant to *Hagg v. United States*, the filing of a notice of appeal functions to transfer jurisdiction to the appellate court, and under *United States v. Garcia-Robles*, a district court is divested of jurisdiction via the filing of a notice of appeal until the case is remanded by the Court of Appeals.

(Doc. 158 at 3, citations omitted.) The Court observes that, under Plaintiff's reasoning, the Court accordingly had no jurisdiction to *grant* her motion, either.

For that matter, it would lack jurisdiction to grant this one. Nevertheless, the trial court is expressly charged with examining, with the assistance of the plaintiff's affidavit, whether or not an appeal is "taken in good faith". 28 U.S.C. §1915(a)(3). It therefore has jurisdiction to undertake this statutory duty. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997).

Plaintiff has set forth no basis for the Court to reconsider its earlier denial of her motion for leave to appeal *in forma pauperis* (Doc. 157), and her motion for reconsideration (Doc. 158) is accordingly **DENIED**. However, the court's denial, as it stated, was without prejudice. Plaintiff was expressly authorized to refile her motion, accompanied by an affidavit which "shall state the nature of the action, defense, or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. §1915(a)(1).

s/Mark R. Abel
United States Magistrate Judge